F. W. Axtell v. The State.

No. 5582.  Decided November 26, 1919.

Motor Vehicle—Front-end Seal—Highway Department.

Where, upon trial of operating a motor vehicle without displaying on the front end thereof the seal for the current year assigned to said motor vehicle by the Highway Department, it appeared from the evidence that the defendant showed that he had paid the tax and obtained the seal, and exercised all reasonable means and care to have it attached to the car, etc., the conviction could not be sustained.

Appeal from the District Court of Tarrant.  Tried below before the Hon. Hugh L. Small, judge.

Appeal from a conviction of unlawfully driving a motor vehicle on a public highway; penalty, a fine of one dollar.

The opinion states the case.

C. R. Bowlin, for appellant.—On question of insufficiency of the evidence: Brooks v. State, 15 Texas Crim. App., 88.

Alvin M. Owsley, Assistant Attorney General, for the State.

MORROW, Judge.—The Statute under which the prosecution was established provides: "No person shall operate or drive a motor vehicle on the public highways of this State unless such vehicle shall have at all times conspicuously displayed on the front end thereof the seal for the current year assigned to said motor vehicle by the Highway Department;" Acts Thirty-fifth Legislature, Chap. 207, amended by same Legislature, 1st Called Session, Chap. 31, and of the 3rd Called Session, Chap. 13.

The evidence in the case is not controverted.  Appellant is President and General Manager of a corporation in the conduct of whose business sixteen automobiles were used.  The business of the corporation was supervised in the main by the son of appellant, and the conduct of the automobiles was in charge of a foreman.  It was shown that one of these cars was driven by one of the employees of the company upon the highway without a seal and an arrest resulted. It was also shown that the appellant's son, in pursuance of his management of the business, had obtained a license and seals for sixteen cars, including the car in question; that the son undertook to see to having the seals attached to the cars, and he gave directions to his employees to attach them, and they were attached at the time to all of the automobiles, except one, which at that time was out on a trip somewhere in the country; that the foreman to whom was committed the service left the employ of the company, and neither the appellant nor his son was aware of the fact that the order to

have the seal placed upon the car in question had not been complied with until the time of the arrest.

The appellant requested an instruction to the effect that the payment of the tax and securing of the seal with the intent on the part of the appellant to attach it to the car in connection with his orders to the employee to do so would constitute a defense to the prosecution, provided the seal was not left unattached with the knowledge of the appellant, but that its absence was due to accident or mistake. We think that these facts would constitute a defense and that the jury should have been so instructed. The absence of the seal from the car would be *prima-facie* proof of the guilt of the person operating the car, but we believe he should not be held guilty of a criminal offense, where he was able to show he had paid the tax and obtained the seal, and exercised all reasonable means and care to have it attached to the car, and that the operation of the car without it was contrary to his intent and without his knowledge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*